**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1282
_____

IN RE:  DONELL L. PRINCE,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to Civ. No. 09-cv-05429)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 20, 2020

Before:  RESTREPO, PORTER and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed March 3, 2020)
_____

OPINION[*]
_____

PER CURIAM

     Donell Prince has filed a petition for a writ of mandamus.  For the reasons below,

we will deny the petition.

     In 2009, Prince filed a civil rights complaint against several defendants, including

the New Jersey Attorney General.  While the bulk of the complaint concerned allegations

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

against the local police and prosecutor's office, Prince also alleged that his attempts to seek redress from the Attorney General for violations of his rights by the local police were ignored. In an October 2010 opinion, the District Court concluded that service on the Attorney General had never been properly effected. The matter is currently scheduled for trial in June 2020 on a claim of malicious prosecution against one defendant.

In May 2019, upon the District Judge's retirement, another District Judge was assigned to oversee the proceedings. Prince filed a motion requesting that the District Judge recuse himself. The District Court denied the motion. Prince now seeks a writ of mandamus ordering the District Court to vacate its order denying his motions for recusal and directing the District Judge to recuse himself. He has also filed a motion to stay the District Court proceedings.

Mandamus may be used to review a District Judge's refusal to recuse pursuant to 28 U.S.C. § 455(a). See Alexander v. Primerica Holdings, Inc., 10 F.3d 155, 163 (3d Cir. 1993).[1] Under 28 U.S.C. § 455(a), a judge should disqualify himself if his impartiality might reasonably be questioned. We review the District Court Judge's decision to not recuse himself under an abuse of discretion standard. In re Kensington Intern. Ltd., 368 F.3d 289, 300-01 (3d Cir. 2004).

Prince argues that the District Judge had previously worked for the New Jersey Attorney General's Office. He asserts that the Attorney General's Office refused to let

---

[1] While Prince also cited to 28 U.S.C. § 455(b), his arguments for recusal relied only on subsection (a).

2

him file a criminal complaint against the police who entered his apartment.[2]  He does not, however, allege that the District Judge during his prior employment had any personal involvement in responding to his requests to the Attorney General.  Moreover, at the time the District Judge became involved in the District Court proceeding below, the Attorney General was not a party in the case, as noted above.[3]  Prince has not shown that the District Judge's impartiality would reasonably be questioned based on his prior employment and that he abused his discretion in denying Prince's motion for recusal.

Prince also appears to seek to challenge the District Court's denial of his request to amend his complaint and his motion for a directed verdict for these claims.  The writ of mandamus will issue only in extraordinary circumstances.  See Sporck v. Peil, 759 F.2d 312, 314 (3d Cir. 1985).  As a precondition to the issuance of the writ, the petitioner must establish that there is no alternative remedy or other adequate means to obtain the desired relief, and the petitioner must demonstrate a clear and indisputable right to the relief sought.  Kerr v. U.S. Dist. Court, 426 U.S. 394, 403 (1976).  A writ is not a substitute for an appeal.  See In Re Briscoe, 448 F.3d 201, 212 (3d Cir. 2006).  Because Prince has the

---

[2] While the merits of this claim are not before us, we note that an individual has no federal right to require the government to initiate criminal proceedings. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); see also United States v. Berrigan, 482 F.2d 171, 173-74 (3d Cir. 1973) (Government is permitted some selectivity in its enforcement of criminal laws).

[3] Prince also contends that one of the Attorneys General during the District Judge's employment with the Attorney General's Office is now the Chief Justice of the New Jersey Supreme Court.  This would not cause the District Judge's impartiality to be reasonably questioned.

alternate remedy of appealing the District Court's order at the appropriate time, he is not entitled to mandamus relief with respect to these rulings.

For the above reasons, we will deny Prince's mandamus petition. His motion to stay the District Court proceedings is denied.